IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESUSITA AGUIRRE,

    Plaintiff,

v.                                                       Civ. No. 18-153 DHU/GBW

ATRIUM MEDICAL CORPORATION,

    Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO EXTEND ITS EXPERT DISCOVERY DEADLINE AND APPOINT AN EXPERT WITNESS

THIS MATTER comes before the Court on Plaintiff's Motion for an Order to Extend its Expert Discovery Deadline and Appoint an Expert Witness Pursuant to Fed.R.Civ.P. 706[1] (*doc. 113*).  Having considered the briefing (*docs. 113, 114, 117*), the Court finds the motion is not well-taken and it will be denied.

    **I.**      **BACKGROUND**

Plaintiff filed her case almost five years ago in February 2018.  *Doc. 1*.  Unfortunately, the delays caused by Plaintiff began immediately when service was not completed for three months.  *See docs. 4, 5, 6, 7, 8, 9*.  In response to the Court's first order to show cause, Plaintiff committed that she would "be certain to prosecute her

---

[1] Plaintiff's motion in title and body refers to Fed. R. Civ. P. 706.  As there is no such rule, the Court proceeds under the assumption that she is referring to Fed. R. Evid. 706.

cause of actions more swiftly in the future to avoid any appearance of delay." *Doc. 9* at 3.

After the dismissal of several claims and defendants based on a lack of jurisdiction, the Court sought to set discovery deadlines on the merits of the case. *See docs. 37, 70, 71, 72*. In November 2020, in preparation for the Rule 16 Scheduling Conference, the parties filed a Joint Status Report in which Plaintiff recognized the obvious fact that expert witnesses would be required to present her case. *See doc. 75* at 8. On December 8, 2020, the Court accepted the proposal of the parties and set the deadline for completing expert discovery as October 29, 2021. *See docs. 75, 77, 79*. Of course, because defense expert disclosures and then cross-depositions follow disclosure of a plaintiff's experts, the Court set the deadline for the disclosure of Plaintiff's expert reports under Rule 26 three and a half months before the close of expert discovery -- July 15, 2021. *See doc. 79* at 3.

On May 6, 2021, the Court granted the parties' joint request to extend discovery deadlines which led to a new expert discovery deadline of April 29, 2022. *See docs. 86, 87*. While not explicitly moved, this extension would at most have moved the deadline for the disclosure of Plaintiff's expert reports under Rule 26 to three and a half months before the new expert discovery closure date -- January 15, 2022.

On November 8, 2021, Plaintiff moved to extend all discovery deadlines due to her counsel's other work considerations. *See doc. 91*. Presumably in recognition of the

repeated delays and age of the case, Plaintiff assured the Court "that the proposed extension of the deadlines would ensure that such delays will not continue." *Id.* at 1. Relying on this commitment, the Court granted the motion. *Doc. 92* ("noting Plaintiff's assurance that the proposed extension will obviate the need for future delays in this litigation"). The new order set the deadline for expert discovery as September 29, 2022. *Id*. Again, Plaintiff did not explicitly request an extension for her disclosure of expert reports. Nonetheless, giving her the benefit of the doubt, the reports would now be due three and a half months before the new expert discovery closure date -- July 15, 2022.

On April 5, 2022, the Court attempted to hold a telephonic status conference, but Plaintiff's counsel failed to attend. *See docs. 90, 94*. In his response to the order to show cause, Plaintiff's counsel promised that he "would minimize any procedural delays to the case." *Doc. 95* at 1.

On August 10, 2022, the parties agreed to a revised expert discovery schedule. *See doc. 110*. Notwithstanding that Plaintiff had already passed her deadline for disclosing expert reports under Rule 26, the parties stipulated that the deadline for such reports should be extended to October 1, 2022. *Id*. The Court agreed to the new deadlines and issued an order setting them. *See doc. 111*.

On October 3, 2022, after the deadline for disclosing her expert reports, Plaintiff filed the instant motion. In the motion, she seeks an indefinite extension of the deadline to disclose her expert reports, and for the Court to order, pursuant to Federal Rule of

3

Evidence 706, the parties to "show cause why expert witnesses should not be appointed." *Doc. 113* at 3.

## II.     EXTENSION OF PLAINTIFF'S EXPERT DISCLOSURE DEADLINE

Plaintiff's motion fails at its first hurdle – the request for extension of her expert report disclosure deadline.  Plaintiff seeks to extend her expert disclosures deadline under Federal Rule of Civil Procedure 6(b).  *Doc. 113* at 2.  Her expert disclosure deadline of October 1, 2022, was contained in a court scheduling order.  *See doc. 111.* Therefore, Plaintiff must not only satisfy the requirements of Federal Rule of Civil Procedure 6(b)(1)(B), which governs extensions of time when the deadline for completing an act has already passed,[2] *see* Fed. R. Civ. P. 6(b)(1)(B), but also those of Federal Rule of Civil Procedure 16(b)(4), which governs modifications to scheduling order deadlines, *see* Fed. R. Civ. P. 16(b)(4).  *See also CGB Diversified Servs., Inc. v. Forsythe,* Case No. 20-cv-2120-TC-TJJ, 2021 WL 672168, at *1 (D. Kan. Feb. 22, 2021) (stating that where a plaintiff's expert disclosures deadline passed before it filed its motion for an amended scheduling order, both the "good cause" and "excusable

---

[2] Plaintiff's motion was filed on October 3, 2022, and the deadline for disclosure was October 1, 2022. Plaintiff claims that "[s]ince October 1, 2022 falls upon a Saturday, this deadline is extended by operation of law to the following Monday, October 3, 2022; therefore this motion is timely made." *Doc. 113* at 2 n. 1. Plaintiff cites no law or rule for this blithe assertion.  The Court assumes she is referencing Rule 6 which governs "Computing and Extending Time; Time for Motion Papers."  Fed. R. Civ. P. 6.  Rule 6(a) does indeed exclude weekends when a time period is stated in days or a longer unit of time.  *Id.*, 6(a).  However, this rule does not apply when the deadline is set as a specific date as it was here.  *See Sizemore v. State of New Mexico Dep't of Labor*, 182 Fed. App'x 848, 852 n.5 (10th Cir. 2010).  Thus, Plaintiff's request for additional time is governed by Rule 6(b)(1)(B).

4

neglect" standards applied); *Lay v. Wal-Mart Stores E., L.P.*, Civ. No. 20-280 SCY/KK, 2020 WL 6709541, at *2-3 (D.N.M. Nov. 16, 2020) (explaining that a plaintiff must show both good cause pursuant to Rule 16(b)(4) and excusable neglect under Rule 6(b)(1) to obtain the court's leave to disclose a new expert and report after his expert disclosures deadline passed); *Candelaria v. Molina Healthcare, Inc.*, Civ. No. 18-725 WJ/GBW, 2019 WL 4643946, at *9-10 (D.N.M. Sept. 24, 2019) (applying Rules 6(b)(1)(B) and Rule 16(b)(4) to a plaintiff's request to extend the deadline to move for class certification contained in a scheduling order that had passed).

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal brackets and quotations omitted) (quoting 3 James Wm. Moore, Moore's Federal Practice – Civil § 16.14[1][b] (3d ed. 2019)). Rule 16(b) permits courts to consider possible prejudice to the nonmoving party, *see id.*, but "does not focus on the bad faith of the movant, or the prejudice to the opposing party," *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

5

The most important factor for Rule 16(b)'s "good cause" standard is the diligence of the party seeking the extension. *Heuskin v. D&E Transp., LLC*, Civ. No. 19-957 MV/GBW, 2020 WL 5367027, at *4 (D.N.M. Sept. 8, 2020) (citing, *inter alia*, *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations omitted). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Tesone*, 942 F.3d at 989 (internal brackets omitted) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Federal Rule of Civil Procedure 6(b)(1), which governs extensions of time generally, provides that a court may extend the time for a party to complete an act for good cause shown. Fed. R. Civ. P. 6(b)(1). When the requested extension is of a deadline that has passed, the request must be by motion and the movant must show that it failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "[A] finding of excusable neglect under Rule 6(b)(1)(B) requires both a demonstration of good faith by the [movant] and also it must appear that there was a reasonable basis for not complying within the specified period." *Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 544, 547 (D.N.M. 2011) (internal brackets removed) (quoting *Anderson v. Bank of Am.* (*In re Four Seasons Sec. Laws Litig.*), 493 F.2d 1288, 1290 (10th Cir. 1974)). Under Rule 6(b), "inadvertence, ignorance of the rules, and mistakes construing

the rules do not constitute excusable neglect." *Scull v. Mgmt. & Training Corp.*, No. CIV 11-0207 JB/RHS, 2012 WL 1596962, at *5 (D.N.M. May 2, 2012) (quoting *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005)).

Courts consider the following factors when determining whether a movant has shown excusable neglect: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the proceedings; (iii) the reason for the delay and whether that reason was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008) (citing *United States. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004), and *Quigley*, 427 F.3d at 1238). Among these factors, the reason for the delay is "an important, if not the most important, factor." *Id.* (citing *Torres*, 372 F.3d at 1163). Nevertheless, "[a] determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Beebe v. Todd*, Civ. No. 19-545 JHR/JFR, 2020 WL 3639734, at *2 (D.N.M. July 6, 2020) (quoting *Torres*, 372 F.3d at 1162).

Plaintiff has not shown good cause under Rule 16. Plaintiff has failed to demonstrate that the scheduling deadlines could not have been met despite her diligent efforts. Plaintiff has, or should have, been aware that an expert was required to prove her case since its inception. It is inconceivable that it has taken nearly five years to determine that "she could not hire an expert witness because of the exorbitant price."

7

*Doc. 113* at 2.  In her motion, Plaintiff certainly does not explain why all this time has passed before she reached this realization.  She does not explain when she "contacted numerous expert witnesses employed by plaintiffs in similar cases … and many other additional expert witnesses throughout the United States."  *Id*.  Nor does she explain why she only now realized that she, unlike the plaintiffs in all those similar cases, would be incapable of securing the services of an expert in some fashion.  Assuming Federal Rule of Evidence 706 is available for the appointment of a partisan expert, the motion to do so should have been filed months – if not more than a year – ago as various expert disclosure deadlines approached and were pushed back.  Instead, Plaintiff remained completely silent about this issue until the final expert disclosure deadline had passed.

Similarly, Plaintiff has not shown excusable neglect under Rule 6.  In this case, the above analysis of "good cause" fits most clearly under the third *Hamilton* factor: "the reason for the delay and whether that reason was within the reasonable control of the movant."  *Hamilton*, 302 F. App'x at 798.  Consequently, this very important factor weighs against Plaintiff for the reasons explained above.  The factors of "danger of prejudice to the opposing party" as well as "the length of the delay and its potential impact on the proceedings" do so as well.  *Id*.  Plaintiff's motion for extension is indefinite for a reason.  She, like the Court and Defendant, can have no idea how long an extension would be required if Plaintiff's motion were granted.  Plaintiff points to no

no expert "waiting in the wings" ready to consent to appointment under Rule 706. It is not hyperbole to estimate that Plaintiff's approach would add another year to the discovery schedule. Consequently, the case would not be ready for trial until summer of 2024 – six years and a half years after its filing. The prejudice caused by such extended delay to all involved, including the opposing party – is apparent on its face. Finally, one reaches the question of whether the movant acted in good faith. The Court struggles to conclude that she did. The delay in filing this motion is utterly unexplained. It follows repeated failures by Plaintiff to diligently prosecute her case. The underlying issue was never raised in the myriad of motions and conferences that have been filed and held regarding discovery in this matter. Regardless of whether these failures rise to the level of "bad faith," this factor also weighs against a finding of excusable neglect.

Therefore, as Plaintiff has failed to show good cause under Rule 16 or excusable neglect under Rule 6, the Court will deny the request for an extension of Plaintiff's expert disclosure deadline.

### III.     REQUEST PURSUANT TO RULE 706

The denial of the request for extension would seem to moot Plaintiff's request pursuant to Federal Rule of Evidence 706. Certainly, if Rule 706 permits the appointment of partisan experts, the disclosure of those experts' opinions must conform with the requirements and timeliness that would be required of the party seeking their

9

employ. As such, the time for the disclosure of an appointed expert in this case has passed. To the extent that Plaintiff would dispute this fact, and as an alternative basis for denial of Plaintiff's motion, the Court will address Plaintiff's Rule 706 request.

Plaintiff claims that she cannot afford to hire an expert to support her claims. Consequently, she moves the Court pursuant to Rule 706 to appoint an expert to do so. The rule states that "on a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations." Fed. R. Evid. 706(a). As for compensation, the expert is "entitled to a reasonable compensation, as set by the court … payable … by the parties in the proportion and at the time that the court directs – and the compensation is then charged like other costs." Fed. R. Evid. 706(c).

Plaintiff points to no case where a court has appointed an expert pursuant to this rule solely to further the partisan interests of a party. The Court's own review finds that the weight of authority rejects its use for partisan purpose. Those courts have concluded that "the appointment of an expert under Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert…." *Boyes v. Young*, Case No. 2:20-cv-00108, 2022 WL 214122, at *1 (S.D.W. Va. January 24, 2022); *see also Duran v. Curry Cnty. Adult Det. Ctr.*, No. 09-cv-0758 MCA/SMV, 2013 WL 12172042, at *11 (D.N.M. Aug. 30, 2013); *Kaufman v. United States*, Civil Action No. 1:12-0237, 2014 WL 12660118, at *2 (S.D.W. Va. May 1, 2014); *Claudio v.*

10

*GEO Group, Inc.*, No. 5:10-CT-3042-F, 2013 WL 3873205, at *4 (E.D.N.C. July 25, 2013) (denying plaintiff's motion for appointment of an expert witness where plaintiff's request was based upon his need to rebut defendant's motion for summary judgment); *Phillip v. GEO Group, Inc.*, No. 5:09-CT-3115-FL, 2012 WL 5392120, at *9 (E.D.N.C. Nov. 5, 2012) (denying appointment of expert where such appointment "primarily would serve the purpose of assisting plaintiff in presenting his case"); *Kerwin v. Varner*, Civil No. 1:CV-03-2253, 2006 WL 3742738, at *2 (M.D. Pa. Dec. 15, 2006) ("Rule 706, however, allows only for the appointment of an expert to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not."). The Court is persuaded by this view of Federal Rule of Evidence 706. Consequently, this Court will deny Plaintiff's request pursuant to that rule.

    Even assuming that, in certain circumstances, Rule 706 could be properly used to appoint an expert solely to assist an indigent plaintiff avoid summary judgment, the Court would still deny the request in this case. Plaintiff has failed to establish indigency that would justify such extraordinary relief. As noted by Defendant and uncontradicted by Plaintiff, she has been gainfully employed throughout her life and throughout the pendency of this lawsuit. If Plaintiff is entitled to an expert under Rule 706, the vast majority of plaintiffs would be as well. Moreover, Plaintiff has failed to explain how her circumstances are different from the myriad of other plaintiffs who have obtained the services of an expert to support similar claims in other lawsuits.

Finally, Plaintiff does not explain how the mechanism of Rule 706 would solve her expert problem. One must recognize that Rule 706 does not provide public funding for such an expert. The expert, who must consent, is still paid by the parties in the proportion to be decided by the Court. Basic fairness would dictate that the Court would be disinclined to impose much of that cost on Defendant prior to a finding that Defendant was liable on Plaintiff's claims. If Defendant prevailed, then the majority of the expert's bill would likely be assessed to Plaintiff – an individual who has already professed an absolute inability to pay that bill. Consequently, as a practical matter, an expert would still be in the position of having to consent to serve based on a contingency basis. Presumably, Plaintiff has attempted to hire an expert on just such a basis and has been unsuccessful.

IV.    CONCLUSION

Plaintiff has failed to show either good cause or excusable neglect as required to grant her request for an extension of her expert disclosure obligations under Rule 26. Given that the deadline for disclosure of expert reports has passed, her request for appointment of an expert pursuant to Federal Rule of Evidence 706 is denied as moot. In the alternative, Plaintiff's motion for appointment of an expert is denied as it seeks such appointment for solely partisan purpose. Finally, even if Federal Rule of Evidence 706 could be used for such a purpose, the Court in its discretion would deny such motion in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Order to Extend its Expert Witness Pursuant to Fed. R. Civ. P. 706 (*doc. 113*) is DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE